Kathleen E. Finnerty (SBN 157638)
**K. FINNERTY LAW, INC.**
3017 Douglas Blvd., Suite 230
Roseville, CA 95661
(916)783.1644
KFinn@KFinnertyLaw.com

Attorneys for: Plaintiff,
FAITH MORGAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FAITH MORGAN,<br><br>            Plaintiff,<br><br>    vs.<br><br>THE ASSOCIATED PRESS, a New York non-profit corporation; NYP HOLDINGS, INC., a New York corporation; ADVANCE PUBLICATIONS, INC., a New York corporation.; VOGUE; CONDÉ NAST; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT 17 U.S.C §501, *et seq.*<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATION OF 17 U.S.C. §1202(b)<br><br><u>DEMAND FOR JURY TRIAL</u><br>      (F.R.C.P. Rule 38) |

Plaintiff, FAITH MORGAN, ("Morgan") alleges against Defendants, THE ASSOCIATED PRESS, NYP HOLDINGS, INC., ADVANCE PUBLICATIONS, INC., VOGUE, CONDÉ NAST and DOES 1-10 (collectively "Defendants") as follows:

/ / /

/ / /

/ / /

/ / /

## I.   THE PARTIES

1. Morgan is a resident of Placer County, California. Morgan is a collector of historical photographs and manuscripts, including an extensive collection of Marilyn Monroe photographs.

2. On information and belief, Defendant The Associated Press (hereinafter "the AP") is a New York not-for-profit corporation, with its principal place of business in New York, New York.

3. On information and belief, Defendant NYP Holdings, Inc. (hereinafter "NYP HOLDINGS") is a New York for-profit corporation with its principal place of business in New York, New York.

4. On information and belief, NYP HOLDINGS operates and controls *The New York Post* newspaper and associated websites.

5. On information and belief, Defendant ADVANCE PUBLICATIONS, INC. (hereinafter "API") is a New York for-profit corporation with its principal place of business in New York, New York.

6. On information and belief, Defendant API is the parent corporation of Defendant CONDÉ NAST, a New York for-profit corporation with its principal place of business in New York, New York. CONDÉ NAST is a global mass media company that publishes dozens of well-known magazines in print and in digital formats, and is owned by API.

7. On information and belief, API and/or NYP HOLDINGS, operate and control VOGUE magazine and associated websites. VOGUE is an American monthly fashion and lifestyle magazine that covers various topics, including fashion, beauty, culture, living, and runway.

8. Morgan does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. The Doe Defendants are persons or entities who have infringed Morgan's copyrights or have contributed to the infringement of Morgan's

copyrights, as set forth below. Morgan will request leave of Court to amend this Complaint to set forth their true names, identities, and capacities when ascertained. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## II. JURISDICTION AND VENUE

9. This action arises under the Copyright Act, Title 17, Section 101, *et seq.*, of the United States Code.) This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 (federal question), §1338 (copyright), and 17 U.S.C. §1203 (alteration or removal of copyright management information).

10. Venue lies in the Central District of California pursuant to 28 U.S.C §1391(a) and (b)(1) and 28 U.S.C. §1400(a).

11. Morgan is informed and believes that personal jurisdiction is proper over the Defendants because Defendants have for many decades operated commercial businesses through which Defendants knowingly, systematically, and continuously transacted business and entered into contracts with, and on an ongoing basis provided products and services to, individuals or companies within this judicial district; and because Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Morgan's copyrights within the jurisdiction of this Court.

## III. FACTS COMMON TO CLAIMS FOR RELIEF

12. Morgan is a collector of historical manuscripts and photographs, including one of the world's most enduring celebrity figures -- Marilyn Monroe.

13. Among the items in Morgan's collection is a famous photograph and negative of Marilyn Monroe, which is the basis for this lawsuit. The photograph was taken by Irving Steinberg on May 19, 1962, at Madison Square Garden during the illustrious birthday celebration for President John F. Kennedy where Marilyn Monroe sang her famous "Happy Birthday Mr. President" song (the "Steinberg

Photograph"). A true and correct copy of the Steinberg Photograph is attached hereto as **Exhibit A**.

14. Morgan owns the underlying copyrights to the Steinberg Photograph. The Steinberg Photograph was registered with the U.S. Copyright Office and was assigned Copyright Registration Number VA1-964-142, a true and correct copy of which is attached hereto as **Exhibit B**. The copyright was assigned by Keya Morgan to Morgan on or about December 15, 2018. A true and correct copy of the assignment is attached hereto as **Exhibit C.**

15. The Steinberg Photograph includes copyright management information, including a notice that Morgan is the copyright owner, as shown on **Exhibit A**.

16. Within the past year, Morgan has learned that Defendant AP has been licensing rights to the Steinberg Photograph to third parties without Morgan's authorization.

17. Morgan became aware of this unauthorized licensing by observing the Steinberg Photograph in the May 2, 2022, article published by VOGUE magazine titled "Kim Kardashian Takes Marilyn Monroe's 'Happy Birthday, Mr. President' Dress Out for a Spin." In this publication, the *New York Post* falsely takes credit for the Steinberg Photograph without having legal rights to do so, and without properly crediting Morgan. *See*, https://www.vogue.com/article/kim-kardashian-met-gala-2022.

18. Morgan also became aware of this unauthorized licensing by observing the Steinberg Photograph in the June 22, 2022, article published by the *New York Post* titled "Museum forms task force after Kim Kardashian 'damaged' Marilyn's dress" in which the *New York Post* and AP take credit for a composite of the Steinberg Photograph without properly crediting Morgan, and without publication rights. See, https://nypost.com/2022/06/22/museum-task-force-to-protect-dresses-like-marilyn-monroes/. A copy of the composite is attached hereto as **Exhibit C**.

19. The Steinberg Photograph is exceedingly valuable given its subject matter, as well as the following:

    a. The dress worn by Marilyn Monroe in the Steinberg Photograph sold in 2016 for a record $4,800,000, and was reportedly "the most expensive dress in the world" at the time it was worn by Kim Kardashian at the Met Gala in 2022; and

    b. An image of Marilyn Monroe by artist Andy Warhol sold for $195,000,000 in 2022 making it a new world record for the most expensive work of art from the 20th century.

20. On information and belief, AP licensed the right to the Steinberg Photograph to third parties, it misinformed its licensees that the copyright owner of the photographs was the AP. Notably, in the VOGUE magazine publication on June 22, 2022, the *New York Post* and was given a photo credit for the composite that included the Steinberg Photograph. (See, **Exhibit C**).

21. On information and belief, Defendants intentionally removed the Morgan credit from the Steinberg Photograph to cause damage to Morgan and to conceal that they did not have Morgan's permission to use the photograph.

22. Defendants did not disclose their unauthorized uses of the Steinberg Photograph to Morgan or seek permission to use the Steinberg Photograph. But for Morgan's discovery of defendants' authorized uses, their infringements would still be concealed.

23. By both licensing the Steinberg Photograph to third parties and publishing the Steinberg Photograph without Morgan's permission, Defendants, and each of them, have substantially diminished the value of the original Steinberg Photograph in print, and the value of the original signed prints, negative and copyright, thus damaging its value.

/ / /

/ / /

# FIRST CLAIM FOR RELIEF
(For Copyright Infringement Against All Defendants – 17 U.S.C. § 501 *et seq.*)

24. Morgan re-alleges and incorporates by this reference Paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, and each of them have infringed Morgan's copyright in the Steinberg Photograph by licensing the photographs to third parties without Morgan's permission.

26. Defendants, and each of them have infringed Morgan's copyright by publishing the copyrighted photograph without Morgan's permission or authorization.

27. As a direct and proximate result of Defendants' infringement, Morgan has incurred significant financial damages. As a result of Defendants' infringement, potential buyers are either no longer interested in buying the photograph or unwilling to pay the market value for use of the Steinberg Photograph that it would have had prior to its widespread publication by Defendants.

28. Accordingly, Morgan is entitled to recover her actual damages incurred, and to disgorge all of Defendants' profits attributable to the infringement.

29. Morgan is informed and believes and, on that basis, alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which subjects the defendants to liability for statutory damages under §504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, Morgan will make her election between actual damages and statutory damages.

30. Defendants continue to infringe Morgan's copyrights and unless restrained and enjoined, will continue to do so, all to Morgan's irreparable injury. The amount of compensation that would afford adequate relief to Morgan for such injury will be difficult to ascertain. The wrongful acts of Defendants are of a

continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Morgan's remedy at law is inadequate, and Morgan is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of the Defendants alleged above.

## SECOND CLAIM FOR RELIEF
**(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)**

31.    Morgan realleges and incorporates by reference the allegations contained in the Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.    Morgan is informed and believes and, on that basis, alleges that the defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Steinberg Photographs.

33.    Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct, but either failed to do so, did so negligently, or suborned the misconduct because they had a direct financial interest in the infringing conduct.

34.    By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, Morgan has suffered and will continue to suffer substantial damages to her rights in the Steinberg Photograph, in an amount to be established at trial.

35.    Morgan is informed and believes and, on that basis, alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects the defendants to liability for statutory damages under §504(c)(2) of the Copyright Act in a sum of up to $150,000 per infringement. Within the time permitted by law, Morgan will make

her election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF
**(Falsification of Copyright Management Information against AP - 17 U.S.C §1202)**

36. Morgan re-alleges and incorporates by this reference Paragraphs 1 through 35 above as though fully set forth herein.

37. The copy of the Steinberg Photograph that Defendants, and each of them, had in their possession were marked copyright management information stating that Morgan was the owner of the copyright to the Steinberg Photograph, a fact that Defendants knew or should have known.

38. Defendants, and each of them, intentionally removed the Morgan credit from the Steinberg Photograph before publishing it and/or providing the Steinberg Photograph to third parties to publish.

39. By crediting itself rather than Morgan, the *New York Post* credit constitutes false copyright management information pursuant to 17 U.S.C. §1202(a).

40. Defendants provided false copyright management information to third parties with knowledge of its falsity.

41. The providing and placing of false copyright management information was done knowingly and with the intent to induce, enable, facilitate, or conceal their copyright infringement to conceal their copyright infringement because they had no license from Morgan.

42. Accordingly, the "New York Post" credit constitutes removal or alteration of copyright management information pursuant to 17 U.S.C. §1202(b).

43. As a direct and proximate result of Defendants' §§ 1202(a) and 1202(b) violations as described above, Morgan has suffered direct injuries including a loss of respect with the public because, as a result of the false credits, people do not believe that Morgan is the copyright owner of the Steinberg Photographs.

COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS AND/OR CONTRIBUTORY INFRINGEMENT
AND VIOLATION OF 17 U.S.C. §1202(B)
Page 8

Accordingly, Morgan is entitled to the remedies set forth under 17 U.S.C. § 1203.

WHEREFORE, Morgan prays for judgment against Defendants as follows:

1. That Defendants be required to pay Morgan such damages as Morgan has sustained or will sustain by reason of Defendants' conduct;

2. That Defendants account for and disgorge all gains, profits and advantages derived by Defendants from such conduct, believed to be more than $1,000,000.

3. Award Morgan her actual damages pursuant to 17 U.S.C. §§504(a) and 1203(c)(2) or, in the alternative, statutory damages up to the maximum permitted by 17 U.S.C. §§ 504(c) and 1203(c)(3).

4. That all items in Defendants' custody or control which infringe Morgan's copyright be impounded, surrendered up and forfeited to Morgan for destruction or other disposition.

5. That Defendants and their agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the Morgan's copyrights in her photographs by acquiring, copying, displaying manufacturing, distributing, licensing or selling Morgan's photographs.

6. That Defendants be required to take prospective measures to ensure that the credit for the Steinberg Photographs referenced in this Complaint is remediated and that the public is fully informed that Morgan is the true copyright owner of the Steinberg Photographs.

7. That Defendants be required to pay to Morgan her attorneys' fees and costs incurred in connection with the prosecution of this action pursuant to 17 U.S.C. §§ 504, 505 and 1203; and

/ / /

/ / /

8. For such other and further relief as the Court deems appropriate.

DATED: March 27, 2024                    **K. FINNERTY LAW, INC.**

                                                            _____
                                                            Kathleen E. Finnerty
                                                            Attorney for FAITH MORGAN

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Morgan hereby demands trial by jury of all issues so triable in the present action.

DATED: March 27, 2024                     **K. FINNERTY LAW, INC.**

_____
Kathleen E. Finnerty
Attorney for Plaintiff,
FAITH MORGAN

# EXHIBIT A
## THE STEINBERG PHOTOGRAPH



# EXHIBIT B
## COPYRIGHT REGISTRATION

**Certificate of Registration**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*
Register of Copyrights, United States of America

Registration Number
**VA 1-964-142**
Effective Date of Registration:
April 30, 2015

**Title**
Title of Work: MM1

**Completion/Publication**
Year of Completion: 1962
Date of 1st Publication: July 03, 2012
Nation of 1st Publication: United States

**Author**
- Author: Irving J Steinberg
  Author Created: photograph
  Citizen of: United States
  Domiciled in: United States

**Copyright Claimant**
Copyright Claimant: Keya Morgan
P.O.Box 18447, Beverly Hills, CA, 90209, United States
Transfer statement: By written agreement

**Rights and Permissions**
Name: Keya Morgan
Email: key15@aol.com
Telephone: (212)366-9742
Address: P.O.Box 18447
Beverly Hills, CA 90209 United States

**Certification**
Name: Keya Morgan
Date: April 29, 2015

Page 1 of 2

# EXHIBIT C
# COPYRIGHT ASSIGNMENT

## ASSIGNMENT OF COPYRIGHT AGREEMENT

This COPYRIGHT ASSIGNMENT AGREEMENT is made Dec 15, 2018 between Faith Morgan (Assignee), and Keya Morgan (Assignor) whose address is POBOX 18447, Beverly Hills, CA 90209.

For valuable consideration, receipt and sufficiency of which are hereby acknowledged the parties hereby agree as follows:

1. Assignor represents and warrants that it is the sole owner of all rights in and holds the complete and undivided copyright interest to the following Work:

All photographs and copyrights of Marilyn Monroe taken by Irving Steinberg in the May, 1962 (Happy Birthday Mr. President event at MSG).

2. Assignor does hereby sell, assign, and transfer to Assignee, its successors and assigns, the entire right, title and interest in and to the copyright in the Work and any registrations and copyright applications relating thereto and any renewals and extensions thereof, and in and to all works based upon, derived from, or incorporating the Work, and in and to all income, royalties, damages, claims and payments now or hereafter due or payable with respect hereto, and in and to all causes of action, either in law or in equity for past, present, or future infringement based on the copyrights, and in and to all rights corresponding to the forgoing throughout the world.

3. Assignor agrees to execute all papers and to perform such other proper acts, as Assignee may deem necessary to secure for Assignee or its designee the right herein assigned.

In witness whereof, the parties have executed this Agreement, effective this 15th day of Dec, 2018.

Assignor:

Assignor signature: 

Assignor print name: Keya Morgan

# **EXHIBIT D**
# THE NEW YORK POST PHOTOGRAPH

